79,171-05

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
NO. _____

This document contains some
pages that are of poor quality
at the time of imaging.

REYNALDO FLORES
Appellant

V.

THE STATE OF TEXAS
Appellee

MOTION DENIED
DATE: 4-30-15
BY: PC

On Appeal From the
290th District Court
of Bexar Cnty, Texas;
Trial Case Number
2012 CR 1969
COA NO. 04-12-00815-CR

MOTION FOR LEAVE TO FILE EVIDENTIARY
HEARING
[WITH AUTHORITIES]

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 30 2015

Abel Acosta, Clerk

TO THE HONORABLE JUSTICES OF SAID COURT:

REYNALDO FLORES, Entrepreneur, Philanthropist, Sentinel of Human Rights and Pro Se Litigant, Kidnapped at gun point by the Sex offender S.A.P.D. Detective R. VARA and Criminal Partners [See R. FLORES-V-R. VARA etal. U.S.D.C. S.D. TX NO. 2:15-CV-134] who falsely charged Mr. Flores In a Double Jeopardy-Ex Post Facto Indict--ment with allegation of Agravated Kidnapping, a duplicity charge of Sexual Assault and a multi duplicity charge Class A misdemeanor Assault, right after embezzle his assets and Vandalizing his dwelling and premises in complete disregard for Federal Rule 41(F) and due process of law. See Blackburger test. Appellant would respectfully requests the Court GRANT this his Motion For Leave to File Evidentiary Hearing. In Support of Said motion, Appellant would Show Unto the Court the Following:

# HISTORY OF THE CASE

On or About December 03, 2012, Appellant Success-fully entrapped in their own devise both Schemers trial counsel GEORGE A. EASTLAND and Prosecutor CHRISTOPHER W. DEMARTINO, Who acted in canoot to injure Mr. FLORES, and his children in a malicious-infested Jury trial, full of inconsistencies, false wit-nesses and concealed evidences; For which Mr. FLORES in his ability to preserve a footage exposed both Counsels and their customary trickery and mockery to our Immigrant Community, Entrepreneurs and Tax Payers. e.g., P.D.R. 1362-14 Pp. 19-27. Once Mr. FLORES Confronted both Counsel with the discrepances Without any opportunity to obtain their bonus and convic-tion openly without any professional ethic, conflicted Mr. FLORES to the third Count to the Indictment, regardless the concealed Police report, affidavits and threatened Witnesses clearly demonstrated that he is the real Victim of Aggravated Kidnapping and International ~ Domestic Terrorism. 18 U.S.C. § 2331 in flagrant Violation to the Double Jeopardy and Ex-Post Facto Clauses under the 5th, 8th and 14th Amends U.S.CA. See Exhibits A-B.

No evidence or record may demonstrate that the Appellant Was furnished with the Conspiratorial mandate opinion, on the alleged date June 25, 2014, date in which Mr. FLORES Was being Arbitra-ry punished in a metal cage without access to law library or legal supplies, Until September 9 2014 when Mr. FLORES advised the defendants 4th Court of Appeal's Justices to furnish the Appellant the Conspiratorial Mandate opinion, other wise would file the proper complaint before the Federal authorities See FLORES V. PATRICIA O. ALVAREZ ETAL U.S.D.C. S.D.TX. NO. 2:15-CV 134; e.g., PDR 1362-14 Pp. 40.

Therefore the time to file a P.D.R. Should be abated and the Motion for Extension of Time Granted, due to the Continuous brutality and arbitrary punished inflicted to the Appellant in addition to the robbery and confiscation of his legal supplies ordered by the defendants in _FLORES V. PATRICIA O. ALVAREZ_ ETAL Supra.

Appellant's First Writ Application of Habeas Corpus filed on December 26, 2012, was dismissed because a direct appeal was Pending in the 4th Court of Appeals No. 04-12-00815-CR

Mr. Flores Timely Filed, his Writ Application of Habeas Corpus on December 12 2014,

## II

## IN REPLY TO FINDINGS OF FACT
## AND RECORD

1. As an initial matter the trial court fails to cite any portion of the record to support its finding of fact in complete disregard for Rule 33.1 of the Tex. R. App. Proc.

2. Since a Constitutional matter is involved as plain Error none of the grounds are Waivable. Rule 44.2 (a) Constitutional Error of the Tex. R. App. Proc.

3. Since the Fourth Court of Appeals Justices acted out of their role as magistrates by Concealing the Reply to State's Brief and acting in cahoot with the state they became as simply clerks of the Court, therefore liables under 42 U.S.C § 1985 (2)(3) See _FLORES V. PATRICIA O. ALVAREZ_ ETAL Supra.

4. No evidence has been Provided to Mr. Flores or the Federal Court Supporting that the 4th Court of Appeals transmitted to Mr. Flores the Conspiratorial

Mandate Opinion On June 25 2014, rather than the Continuous transferring to Four Facilities in less than 4 months, in which Mr. Flores has been tortured in Segregation in retaliation for his Pro Se representation, and Civil Actions; Said Facilities operated by the Bexar County Judicial System.

5. The Concealed Reply to State's Brief Clearly and specifically raised the double Jeopardy ground to the third multi, duplicity Count to the Indictment, quoting; Missouri V. Hunter 103 S.Ct. 673 (1983) e.g., P.D.R. No. 1362-14. App. No. 1. in addition to the lesser included to the first Count which also Constitutes double Jeopardy, lending itself to the predictable outcome e.g.; Exhibit A PP. 38-40; Reporter's Record Volume V-PP. 38-40. In addition to the grounds of Due-Process Violation; Strickler V. Green 527 U.S. 263, 119 S.Ct. 1936 (1999) quoting; Ex Parte Chahremany, 332 S.W. 3d 470, 447 (Tx. Crim. App. 2011) e.g. P.D.R. PP. 26;

6. Certainly Mr. Flores Filed Several Law Suit pending not solely, in the U.S. Court of Appeals, Fifth Circuit, the Southern District of Texas and the International Court of Human Rights against; Several Gang members of S.A.P.D.; the Bexar County D.A.; magistrates and San Antonio Bar Association.

7. The trial Court requested and received a false affidavit from the Conspirator Counsel George A. Eastland. totally inconsistent with the record. e.g. Exhibit A PP. 38-40, 53; Exhibit B PP. 179. The whole record reflects that Mr. Flores faced his trial without defense counsel and certainly the trial Court appointed said Criminal to secure a draconian Double Jeopardy-Ex Post Facto Conviction by any mean of deception and brutality.

8. The Concealed Police Report-Affidavits and threatened witnesses will demonstrate in an evidentiary hearing

that the Bexar County Judicial System is a well organized Criminal Organization targeting our Immigrant Community and Entrepreneurs. With Knowledge that once Kidnapped by S.A.P.D. Officers and tortured in Bexar County Jail, the D.A and trial counsels, acting in cahoot with magistrates, obtaining either draconian convictions or profitable gains via bribery or extortion.

## IN REPLY TO CONCLUSIONS OF LAW

1. Because this case was currently pending on direct appeal on December 2012, and the ground raised in in the first application are reincorporated not solely in this current application, but on direct appeal in both Appellants Brief and Reply to State's Brief. e.g., P.D.R. App. pt. 43. § Tex. Code. Crim. Proc. Art. 11.07 § 4 (a)(1) (West 2012) does not applies to this application. Since matters of Constitutional dimension are involved therefore supersede to any State Rule or Statute.

Furthermore under Plain Error. A reviewing Court may grant relief for "Plain error" even if the error was not raised and preserved at trial or Sentencing. U.S. V. Oland, 507 U.S. 725, 731 (1993); Puckett V. U.S., 556 U.S. 129, 133 (2009), Plain error review applies to claims that government failed to meet its obligations.

Plain error is error that is "Clear" or "obvious" and affects the defendant's "Substantial rights, as reflected in the entire record and preserved in the Appellant's Brief; Reply to State's Brief and P.D.R., U.S. V Cossel, 632 F.3d 82,88 (2d Cir. 2011)

2. The record indicates that Mr. Flores certainly raised his double Jeopardy ground on direct appeal in both Appellant's Brief and Reply to State's Brief. but was concealed by the Fourth Court of Appeals in order to injure Mr. Flores and render the conspiratorial mandate

Opinion affirming Mr FLORES's Double Jeopardy, and Ex Post Facto Conviction. 42 U.S.C. § 1985 (3) Noting; Griffin V. Breckenridge, 403 U.S. 88, 100-102, 91 S.Ct. 1790, 1797-1798, 29 L.Ed 2d 338 and the Supreme Court held in Kush V. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 1488, 75 L.Ed. 2d 413. Therefore, the appointed Fouth Court of Appeals Justices held Civil and Criminal Liables.

Furthermore 42 U.S.C § 1986 Provides:
§ 1986. Action For neglect to Prevent

Every Person who, having Knowledge that any of the wrongs Conspired to be done, and mentioned in Section 1985, of this title, are about to be Committed, and having Power to prevent or aid in Preventing the Commission of the Same, neglects or refuses so to do, if Such Wrongful act be Committed, Shall be liable to the Party injured, or his legal representatives, For all damages Caused by Such wrongful act, Which Such Person by reasonable diligence Could have Prevented.

In other word the appointed Fouth of Appeals Justices instead to Considered the Double Jeopardy ground under Blockborger Test, as multi duplicit third Count to the Indictment, Tampered the Writs/Briefs and Falsely entered in the Official record the Mandate Opinion. acting in cahoot with the State to injure Mr. FLORES, therefore the allegations one, two, three, Four and Five Should be Sustained and this Court Should Overtorn Mr FLORES Conviction, and Order his immedia- -tely release From Confinement.

3. Under the allegations of ineffective assistance of counsel, the entire Clerk's record and reporters record reflect that Mr FLORES afforded the duress of his Jury trial, without defense Counsel e.g., Exhibit A Pg. 38-40. an evidentiary hearing, Will Prove the Conspiratorial actions of Said Counsel to injure Mr. FLORES. As an

initial matter said counsel failed to set a preliminary hearing, an initial appearance hearing and a Gerstein hearing.

The purpose of a Gerstein hearing is to review a police determination that probable caused existed to make an arrest. The record reflects that probable cause never existed, furthermore the same police report and available affidavits, clearly show that the alleged victim is the aggressive party. The trial counsel concealed the discovery packet for seven months to coarce Mr. Flores to plea out a 30 years conviction, until Mr. Flores confronted him on July 20th 2012, and advised said counsel to stop his conspiratorial actions otherwise would file civil and criminal prosecution against him

In absence of defense counsel Mr. Flores filed several prose motions such as, Motion to Quash Indictment, Motion to Dismiss Counsel, Motion to Appoint Investigator that were ignored by the Trial Court.

However Mr. Flores stated in contact with friend and former business partners to update his criminal case until the schemer trial counsel, finally signed and filed the Motion to appoint investigator, too which Mr. Flores agreed with MR. DAVID CATON, the appointed investigator to withhold some evidences until the last day of trial when both schemers trial counsel and prosecutor would believe that have been convicted Mr. Flores.

On November 29th 2012, Mr. Flores disclosed a footage that was furnished by Mr. Caton, in conjunction with his ability to defend himself, Mr. Flores was acquitted for the false allegation of Aggravated Kidnapping and Sexual Assault. The unexpected evidence and predictable outcome forced to the schemer trial counsel to try to convict Mr. Flores to the three counts to the indictment by filing his Motion for Directed Verdict and once denied by the trial court tried to introduce the lesser offense of Kidnapping and once denied, successfully convicted

Mr. Flores, to the alleged class A misdemeanor Assault illegally enhanced to Felony Assault to the third Count to the indictment. e.g.; P.D.R. Pp. 17-20.; See exhibit A-B

The two-prong Standard required by the U.S. Supreme Court are fulfilled through the undeniable Cahoot between both Trial and State Counsels, resulting in a draconian, 10 years Conviction due to the conceal-ment of evidence and threaten of material witnesses U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 L.Ed. 2d 657 (1984); See Strickland v. Washington, 466 U.S. at 690 (1984) Court must determine whether in the Light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assis-tance.

. Consistent with the evidence and severe irreparable injuries inflicted to Mr. Flores, by said Counsel this court should sustain this ground and this Court should overturn this Conviction and Order his immediateately release from Confinement.

## PRAYER FOR RELIEF

Consequently with the record and evidence Mr. Flores prays this Court Grant this his Motion and Subpoena the Following material Witnesses and evidences:

1. the insane alleged Victim MAYRA RUBIO SANCHEZ.
2. The Minor NEIL FLORES D.O.B 7-31-03
3. The S.A.P.D. officer MONICA ADAMS
4. the Private investigator DAVID CATON
5. Mr. JOSE G. Siller, 210 8435396
6. Mrs. MIRNA CRUZ, 210 3230546
7. Mr. LUIS SANTIAGO 210 4546962
8. Mr. CEVERINO TERRAZAS, Owner of C.D. tires Shop on Bandera Rd.
9. Mrs. ISABEL TREJO. TNAN INS. Agency, on Military Dr. and Commercial in San Antonio Texas.

10. the Original Police report written by officer MONICA ADAMS.

11. A Printed copy of Pre Paid Phone call to Mrs. Mrs. MIRNA CRUZ 210.323.0546 from Bexar County Jail on January 26th 2014 at 8:45 P.M.

the Court of Criminal Appeals is not bound by the Findings, Conclusions or recomendations of a trial Court, the record and evidence reflect that the Trial Court is failing to support said findings with the record and the continuous Conspiratorial convictions, and endless list of victims entrapped and convicted in said trial court without any evidence are undeniable. Ex Parte Thompson, 153 S.W.3d, 416 (TX. Crim. APP. 2005); Ex Parte Bates, 640. S.W.2d 894, 898 (TX Crim. APP. 1982)

Because the affidavit signed by the conspirator trial Counsel lack credibility, a live evidentiary hearing is necessary, therefore Mr. FLORES prays this court of Criminal Appeals order the trial court to conduct a live hearing and subpoena the aforementioned witnesses and evidences in order to prove the Criminal operations of the Bexar Cnty Judicial System and innocence of Mr. FLORES. See Ex Parte Brown, 205 S.W.3d 538 (TX. Crim. APP. 2006); Ex Parte Thompson, supra.

Respectfully Submitted

REYNALDO FLORES
Appellant Pro Se
T.D.C.J.No 1902036
COTUIIA UNIT
610 FM 624
COTUIIA TX 78014

# CERTIFICATE OF SERVICE

I, REYNALDO FLORES, Entrepreneur, Philanthropist and Sentinel of Human Rights, Kidnapped at gun point by the Sex offender R. Vara and Criminal Partner and Currently tortured in T.D.C.J. Cotulla Unit in retaliation for my pro se representation and Civil and Criminal prosecution against S.A.P.D. Officers, D.A. and Magistrates, certify that a Copy of the foregoing instrument was this day transmitted to the clerk of the Court of Criminal Appeals of Texas P.O. BOX 12308, Capitol Station, Austin, Texas 78711, with the proper copy to the U.S. Supreme Court included in the Appendix E, in a pending writ of certiorari, via U.S. Postal Service First Class pursuant to 28 U.S.C. § 1746.

Dated: March 26th 2015.

_____

REYNALDO FLORES
Appellant Pro se
TDCJ No. 1912016
Cotulla Unit
610 FM 624
Cotulla TX 78014

Written statements made by a witness to investigators or other officers or police reports made by officers and tendered by the prosecution to the defense for purposes of cross-examination are not part of the evidence unless introduced in evidence. Many times statements and reports may be marked with an exhibit number but are neither offered nor received in evidence. I can send only statements and reports received in evidence to the jury room.

You are instructed that the statements of counsel made during the course of the trial or during the argument, if not supported by evidence, or statements of law made by counsel, if not in harmony with the law as stated to you by the Court in these instructions, are to be wholly disregarded.

You must disregard any comment or statement made by the Court during the trial or in these instructions which may seem to indicate an opinion with respect to any facts, item of evidence or verdict to be reached in this case. No such indication is intended.

You are instructed that the grand jury indictment is not evidence of guilt. It is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence, nor can it be considered by you in passing upon whether this defendant

Against Mayra Rubio, used or attempted use of force you will find the defendant not guilty of felony assault. I'm making those corrections. Other than those corrections, does the State have any object to the charge?

MR. DEMARTINO: No objections, Your Honor.

THE COURT: All right. Now, the defense?

MR. EASTLAND: Yes, Your Honor. And before we make those formal objections I'd like to make a motion for directed verdict.

THE COURT: All right. And based on?

MR. EASTLAND: Based on that hardly a scintilla of evidence has been presented to convict Mr. Flores of these three charges.

THE COURT: Of each of the charges?

MR. EASTLAND: Of each of them.

THE COURT: And that will be denied.

Now, did you have a request for the charge, and I will note for the record that the Court on its own has included, based on the defendant's testimony, unlawful restraint and necessity as a justification. Other than those additions to the charge, do you have any other request?

MR. EASTLAND: We have no objection to the unlawful restraint. We are formally objecting to the

2012 CR 1969

necessity instruction. We believe, Your Honor, that the evidence shows on its own from -- from the beginning of the transaction. The house, all the way into the actions in the car, the very end where she got out. We believe that a juror -- a rational juror could decide on their own that, okay, maybe there was an abduction, but maybe there was restraint somewhere in there.

MR. KAPPMEYER: You're talking about the necessity in the defense of the assault?

THE COURT: I'm talking about the fact that I gave you as a justification to any unlawful restraint that the jury might find a justification of necessity. Meaning that I am in the charge instructing this jury that if they found a necessity on the part of the defendant when he was engaging in unlawful restraint, if he did, then they should find him not guilty of even the lesser. So if you want that taken out, Counsel, I'll take it out. Go off the record.

(Off-the-record discussion)

THE COURT: Back on the record. Some of you are wanting the defense the justification of necessity taken out of the charge as it applies to unlawful restraint, the lesser included that the Court is giving you?

MR. EASTLAND: No, Your Honor. I'd like it to

stay in, in that part of the unlawful restraint charge to stay in. But I'd also like an additional unlawful restraint section put in, just for the record, Your Honor.

THE COURT: But it is in a different portion. It's a lesser included offense of unlawful restraint. He's not charged with it. And that's a misdemeanor offense. It's a lesser included offense of the aggravated kidnapping. Therefore, it is included in the charge as a lesser and that's where it's going to stay. So that request is denied.

Additional requests?

MR. EASTLAND: Nothing further, Your Honor.

THE COURT: All right. And off the record.

(Off-the-record discussion)

THE COURT: All right. Back on the record. Are there any other further requests for any other special charges?

MR. EASTLAND: We'd also like a lesser included put in the jury instruction of just kidnapping. Not aggravated, but kidnapping.

THE COURT: And I do believe that the defendant testified very clearly in answer to questions that he never kidnapped the victim. I am not going to include the lesser included offense. We are going to get the

# FIND A LAWYER

{ Back to Search Results }

OVERVIEW    CONTACT AND MAP



## Mr. George Albritton Eastland
Bar Card Number:          24050547
Work Address:             921 S Saint Marys St Ste 2

                          San Antonio, TX 78205-3452
Work Phone Number:        210-227-9800
Primary Practice Location: San Antonio , Texas

Current Member Status
Eligible To Practice In Te

{ CONTACT THIS LAWYEI
{ VISIT LAWYER WEBSITi

In cooperation with

LICENSE INFORMATION
Bar Card Number:    24050547
Texas License Date: 11/04/2005

WEBSITE

www.britteastland.com

COURTS OF ADMITTANCE
Federal
Texas Western District Court

PRACTICE INFORMATION
Firm:           Law Office of Britt Eastland
Firm Size:      Solo
Occupation:     Private Law Practice
Practice Areas: Criminal
Services Provided: Hearing impaired translation:  Not Specified
                   ADA-accessible client service:  Not Specified
                   Language translation:  Not Specified

Foreign Language   Spanish
Assistance:

Other Courts
None Reported By Attorney

OTHER STATES LICENSED
None Reported By Attorney

LAW SCHOOLS

| Law School | Graduation Date | Degree Earned |
| --- | --- | --- |
| St. Mary's University | 05/2005 | Doctor of Jurisprudence/Juris Doctor (J.D.) |

# CRIMINAL DOCKET SHEET

**2012-CR-1969**   D290   03/01/2012   SCC: 701

STATE OF TEXAS VS.
## FLORES, REYNALDO
AGGRAVATED KIDNAPPING

**RIGHT THUMBPRINT**

**OFFENSE INFORMATION**

REDUCED TO LESSER OFFENSE: _____

STATE PROCEEDS ON COUNT (s) _____
PARAGRAPH _____
ENHANCEMENT PARAGRAPH (s) _____

**ATTORNEYS     COURT REPORTER**

STATE ATTORNEY _____

DEFENSE ATTORNEY _____

COURT REPORTER _____

COURT INTERPRETER _____

**COURT ACTIVITY**

__ JUDGE PRESIDING _____

__ NO RECOMMENDATION/ NO PLEA BARGAIN
__ PLEA BARGAIN AGREEMENT
__ _____ YRS MDS DYS (TDCJ – ID)(BDADC)(STATE JAIL)
__ $ ____ Fine $ _____ Restitution

__ Comm Supervision (Recommended)(Silent)(Opposed)

__ Def Adjudication (Recommended)(Silent)(Opposed)

__ Cases to Run Concurrent/Consecutively _____

Cases Taken into Consideration: _____

____ Non Binding Recommendations

____ DYS MOS(BCADC)(STATE JAIL)(Cond of Suprvsn)
____ HRS Community Service/ _____ DYS ELM

__ Substance Abuse Treatment Facility

____ YRS MDS DYS (TDCJ-ID)(BCADC)(ST JAIL)
____ $ _____ Fine $ _____ Restitution
__ Other: _____

**COURT RULING**

____ YRS MOS DYS (TDCJ – (BCADC)(ST JAIL)
__ $ _____ Fine $ _____ Restitution
__ Payable to: _____
__ Affirmative Finding of a Deadly Weapon
__ S.A.I.P. (Boot Camp) ____ Shock Supervision
__ Drivers License Suspension Start Date: _____
__ End Date: _____
__ SAFPF (Comm Supervision)(Amended Comm Supv.)
__ Therapeutic Community Program
__ _____ HRS Community Service ____ DYS ELM
__ _____ DYS MOS (BCADC)(STATE JAIL)(Cond of Supv)
__ (Work)(Weekend) Release Program (Cond of Supervsn)
__ Found TRUE to Enhancement Paragraph as a Repeater
__ Found TRUE to Enhancement Paragraphs as a Habitual
__ Other: _____

**DONNA KAY McKINNEY**
**BEXAR COUNTY DISTRICT CLERK**

By: _____ DEPUTY

| DATE OF ENTRY | COURT ENTRIES |
|---|---|
| 11-26-12 | State Ready / Defense Ready - Jury Sworn |
| 11-27-12 | Indictment Read - Not Guilty, State's Case in Chief |
| 11-28-12 | State's Case in Chief Continues - State Rests, Defense Case In Chief |
| 11-29-12 | Defense Case-In-Chief, Defense Closes, State's Rebuttal, State Closes, Defense closes, Def.'s Mot for Instructed Verdict denied, Charge Conference, Charge, Summations, Jury deliberates 12:06 |
| | Verdict - Ct I - Guilty of Lesser IO - Ct II Not Guilty, Ct III Guilty |
| 12-3-12 | State's Case on Punishment Rest, Def Case on Punishment Rest, Close/Close - Charge - Argument |

Motion for Directed Verdict

1:26

Exhibit B

179